ALMON, Justice
(dissenting).
The circuit court in this action held that the judgment in the prior action between Sanders and Flournoy divested Raley and McCarron of any title they held in lot 6. In the prior action, Raley and McCarron were added as involuntary plaintiffs on Flournoy’s motion. They filed motions to dismiss, stating that they claimed no interest in lot 6:
“Mr. McCarron and Mr. Raley, along with Kenneth L. Sanders, executed a warranty deed dated August 31, 1984, ... conveying property known as the ‘Hudson Marina’ to one Frank J. Caron. The property described in [Sanders v. Flournoy, 640 So.2d 933 (Ala.1994), as lot 6] was part of the Hudson Marina property. McCar-ron and Raley intended to convey all of the Hudson Marina property to Mr. Caron. Until recently, McCarron and Raley thought they had in fact conveyed all of the Hudson Marina Property to Mr. Car-on. McCarron and Raley believe that the person who prepared the above described warranty deed simply inadvertently omitted the parcel described as [lot 6].
*872 “MeCarron and Raley both went through bankruptcy proceedings after executing the above said deed. They did not list Dot 6] among their assets because they did not know they owned it, and they do not now claim an ownership interest in said real estate.
“MeCarron and Raley do not care if the Court awards Dot 6] to Kenneth L. Sanders, or if the Court awards Dot 6] to Donald B. Flournoy. MeCarron and Raley do not intend to prosecute or defend this lawsuit.”
The circuit court granted MeCarron and Ra-ley’s motion to dismiss, but also granted Flournoy’s motion to add McCarron’s bankruptcy trustee Mixon and Raley’s bankruptcy trustee Smith as parties. Smith filed an answer to Sanders’s complaint,[4] neither admitting nor denying the allegations, for lack of information. Smith filed no further appearances, and Mixon never filed an answer.
In its judgment, the court held that Sanders, MeCarron, and Raley had intended to convey lot 6 to Caron, but denied Flournoy’s counterclaim for reformation of that deed because “Flournoy failed to present sufficient evidence in support of his counterclaim for reformation.” It is not clear what element of the counterclaim the court found unsatisfied, but Flournoy did not appeal from that portion of the judgment. The judgment also stated:
“The Court further finds from the testimony of Co-Defendants MeCarron and Raley, together with a Motion to Dismiss filed in this cause on behalf of said Co-Defendants, that said parties claim no right, title or interest in and to the above described property, nor is any such right, title or interest claimed in the above described property by the respective Trustees in Bankruptcy for Co-Defendants MeCarron and Raley. For the reasons stated above, the Court finds that MeCarron, Raley and their respective Trustees in Bankruptcy do not now claim any interest in the above described property and that they are es-topped from claiming any further rights with respect to the land and improvements made the basis of this action.”
Neither of the bankruptcy trustees appealed from or otherwise contested this judgment. If they had appealed, it is hard to see how the judgment “estopping” them from claiming the cotenancy interest they owned with Sanders could have been affirmed. During the pendency of the action, they apparently claimed no interest only because MeCarron and Raley took the position that they had intended to convey lot 6 to Caron, Flournoy’s predecessor in title. Nothing in Sanders’s complaint or Flournoy’s counterclaim presented any basis for divesting the trustees of MeCarron and Raley’s interest if the court denied the claim for reformation.
Nevertheless, the judgment did “estop” the trustees from asserting any claim to the property, and they neither appealed nor sought relief in the bankruptcy court, for all that appears. The trustees were served and had the opportunity to assert any claim to the property in the prior action, and they were parties when the judgment purported to divest them of any claim to the property. Thus, that judgment became final as to the trustees, and they effectively waived any claim to the property. In effect, the circuit court extinguished their cotenancy interests because of their disavowal of any such interest and vested the entire fee in their eoten-ant Sanders. The majority opinion overlooks this possibility, which in my view is the only rational construction of the judgment that was the subject of the first appeal.
I am not sure of the basis for the majority opinion. Apparently the majority holds that because the circuit court in the trial of the earlier action made findings that were inconsistent with its decision not to reform the deed from Sanders, Raley, and MeCarron, the circuit court must have intended to reform the deed. Such an inference is inconsistent not only with the clear holding that the deed was not reformed because “Flour-noy faded to present sufficient evidence in support of his counterclaim for reformation,” but also with the portion of the judgment *873 ordering Sanders to pay Flournoy the value of the improvements he had made to lot 6. The only reason for the circuit court in the initial action to order Sanders to pay for the improvements would be if the court deemed Sanders to own lot 6. Furthermore, this Court reversed that judgment on the ground that Flournoy had notice of Sanders’s adverse claim to lot 6. Thus, although I agree with the majority that the failure to convey lot 6 to Caron was probably a scrivener’s error, Flournoy’s request to correct that supposed error was finally resolved against him in the earlier judgment, and he took no appeal from that ruling.
The court in this case correctly, in my view, held that the deeds from the trustees to Flournoy were ineffective to convey any interest in the property. Although I do not necessarily agree, under the circumstances as I understand them, with the result of giving Sanders full title to lot 6,1 am unable to find any error presented in this appeal. I would affirm.

. Flournoy had moved to add the trustees as parties plaintiff, but the court joined them as defendants, presumably because MeCarron and Raley had taken a position in their motion to dismiss that was consistent with Flournoy’s position, not Sanders's.